# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE No. 3:18cr67/MCR

**CHRISTOPHER A. CARTER**
_____/

## GOVERNMENT'S MOTION AND MEMORANDUM FOR ISSUANCE OF A FORFEITURE MONEY JUDGMENT

The United States of America, by and through the United States Attorney for the Northern District of Florida, respectfully moves this Court pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b) to enter a forfeiture money judgment in the amount of $80,544.44, as to defendant Christopher A. Carter. In support thereof, the United States submits the following.

1. On June 28, 2018, Mr. Carter pled guilty to a two-count Information charging him in Count One with Conspiracy to Commit Theft of Honest Services and Wire Fraud, in violation of Title 18, United States Code, Sections 1349; and in Count Two with Bribery of a Public Official, in violation of Title 18, United States Code, Sections 201(b)(1)(b). (Docs. 1 and 2). The Information included a Criminal Forfeiture provision, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which put Mr. Carter on notice that the United States would seek to forfeit the above-described

1

property as property involved in the offenses alleged in Counts One and Two. (Doc. 1). As part of his guilty plea, Mr. Carter agreed that his sentence included the forfeiture of all forfeitable assets. (Docs. 5 and 7). The government's evidence in support of this motion is contained in the Statement of Facts document that is hereby incorporated by reference. (Doc. 6). The undersigned has corresponded with Mr. Carter's counsel, Mr. Beroset, regarding the motion and he agrees and stipulates to a money judgment in the amount of $80,544.44.

2. Based upon the aforementioned, the United States seeks the entry of an Order of Forfeiture consisting of a forfeiture money judgment against the defendant in the amount of $80,544.44.

3. The entry of an Order of Forfeiture in the form of a forfeiture money judgment is specifically authorized by Federal Rules of Criminal Procedure, Rule 32.2. More specifically, Rule 32.2(b)(1)(A) in relevant part provides that, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Further, Rule 32.2(b)(2)(A) provides that, "[i]f the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment. . ."

4. Such monetary orders of forfeiture are commonplace. *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000)(a forfeiture order may include a money

judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999)(criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001)(same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985)(because criminal forfeiture is *in personam*, it follows a defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985)(*en banc*)(criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir. 1986)(same); *United States v. Robilotto*, 828 F.2d 940, 949 (2nd Cir. 1987)(following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3rd Cir. 1996) (the Government is entitled to a

3

personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993)(money judgment for the amount laundered, $136 million, entered against each defendant), aff'd, 58 F.3d 754 (1st Cir. 1995); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), aff'd as modified, 185 F.3d 112 (3rd Cir. 1999); *United States v. Henry*, 850 F. Supp. 681, 683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), aff'd, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full;" judgment entered for $10 million, which was the amount of the racketeering proceeds).

5. Once the Order of Forfeiture is entered, the government may move at any time, pursuant to Federal Rule of Criminal Procedure, Rule 32.2(e), to amend the Order to forfeit specific property of the defendant, having a value up to the amount of the monetary judgment, as substitute assets. *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999)(once the government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (same); *United States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

6. This Court's jurisdiction is founded upon Title 18, United States Code, Section 981(a)(1)(C), which section provides in pertinent part that any person convicted of violating Title 18, United States Code, Sections 1343 and 1346 shall forfeit to the United States any property, real or personal, which constitutes or is

derived from proceeds traceable to the violation.

7. Pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b)(3), the Court's Order "authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture. . ."

8. By virtue of said guilty plea, the United States is entitled to the entry of an Order of Forfeiture in the form of a monetary judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 982.

9. Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Federal Rules of Criminal Procedure, Rule 32.2(c)(1).

WHEREFORE, the United States respectfully requests that this Court enter a monetary judgment in the amount of $80,544.44, in the form of a Forfeiture Money Judgment Order, forfeiting to the United States all rights, claims, and interests of the defendant, Christopher A. Carter, and authorizing the United States to seize the forfeited property in accordance with the law or further order of this Court.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ Jeffrey M. Tharp*
JEFFREY M. THARP
Assistant United States Attorney
Florida Bar No.:   45066
21 East Garden Street, Suite 400
Pensacola, FL 32502-5675
Phone: (850)444-4000

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the above memorandum complies with the word limit in N.D. Fla. Loc. R. 7.1(F) because this memorandum contains 1,498 words.

*/s/Jeffrey M. Tharp*
JEFFREY M. THARP
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically with CM/ECF this 16th day of January, 2019, and John Beroset, Counsel for Defendant, is registered to receive notice via electronic notification.

>*/s/Jeffrey M. Tharp*
>JEFFREY M. THARP
>Assistant U.S. Attorney